Case 1:14-cv-00179-CBA-VMS   Document 23   Filed 08/06/14   Page 1 of 5 PageID #: 91

ORIGINAL



RECEIVED
AUG - 6 2014
10:12 AM   JD
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK (BROOKLYN)

| | |
|---|---|
| PIERRE AUGUSTIN ) <br> Plaintiff ) <br> ) <br> vs ) <br> ) <br> CAPITAL ONE ) <br> CAPITAL ONE FINANCE ) <br> Defendants ) <br> ) <br> ) | Case No 14-CV-179 <br><br> Judge Carol Bagley Amon <br> Vera M. Scanlon <br><br> Trial by Jury Demanded |

## SECOND AMENDED ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ( FCRA)

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Pierre Augustin, a natural person, who resides (110-01 34th Avenue Corona, NY 11368) in QUEENS County, NEW YORK.

4. The Defendants in this lawsuit is CAPITAL ONE and CAPITAL ONE FINANCE unknown entities to i with mailing addresses CAPITAL ONE 1680 CAPITAL ONE DRIVE MCLEAN, VA 22102 and CAPITAL ONE FINANCE 3905 N. DALLAS PKWY PLANO, TEXAS 75093.

### VENUE

5. The occurrences which give rise to this action occurred in QUEENS COUNTY, NEW YORK and Plaintiff resides in QUEENS COUNTY, NEW YORK.

6. Venue is proper in the UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK (BROOKLYN).

## GENERAL ALLEGATIONS

7. Plaintiff pulled his consumer credit reports from the three major credit reporting agencies (TRANS UNION, EQUIFAX, AND EXPERIAN) and found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff determined that his consumer credit report had been pulled on various occasions by various entities he did not recognize and without his consent.

9. Plaintiff found after examination of his EQUIFAX, and EXPERIAN consumer credit reports that Defendants had pulled Plaintiff's consumer credit report on May 03, 2012 and Feb 27, 2014.

10. Discovery of violation brought forth herein occurred in Feb 2014 and, March 2014 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANTS CAPITAL ONE AND CAPITAL ONE FINANCE

11. Paragraphs 1 through 10 are re-alleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13. EQUIFAX and EXPERIAN is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant CAPITAL ONE and CAPITAL ONE FINANCE.

18. At no time did Plaintiff give his consent for Defendant CAPITAL ONE and CAPITAL ONE FINANCE,

   to acquire his consumer credit report from any credit reporting agency.

19. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

> (2) the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

20. <u>The definition of "account" clearly does not include an account such as a credit card open end credit account</u> but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

21. On May 03, 2012 and Feb 27, 2014 Defendant CAPITAL ONE and CAPITAL ONE FINANCE obtained the EQUIFAX and EXPERIAN consumer credit reports for the Plaintiff twice with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b. Plaintiff has no idea or indication as to what possible alleged account CAPITAL ONE and CAPITAL ONE FINANCE could claim to have with him and is positive he had no account with CAPITAL ONE and CAPITAL ONE FINANCE which would come under the definition of account in the FCRA in regard to permissible purpose.

22. The action of Defendants CAPITAL ONE and CAPITAL ONE FINACE obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

Wherefore, Plaintiff demands judgment for damages against Defendants CAPITAL ONE and CAPITAL ONE FINCANCE for statutory damages of $2000.00, punitive damages to be determined by this honorable court, attorney's fees, court fees, and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: August 4, 2014      08/06/2014
                                                   P.A.
Respectfully Submitted,

*Pierre Augustin* (signature)

Pierre Augustin
110-01 34th Avenue
Corona, New York 11368
johnslivres@gmail.com
347-666-1822

Service to:

CAPITAL ONE
1680 Capital One Drive
Mclean, VA 22102