UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIERRE AUGUSTIN,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, CAPITAL ONE FINANCE,<br><br>Defendants. | Case No. 1:14-cv-00179-CBA-VMS |

**MEMORANDUM OF LAW OF DEFENDANT CAPITAL ONE
BANK (USA), N.A. AND CAPITAL ONE AUTO FINANCE, A
DIVISION OF CAPITAL ONE, N.A., IN SUPPORT OF THEIR MOTION
FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c)**

**PODVEY, MEANOR, CATENACCI, HILDNER,
COCOZIELLO & CHATTMAN, P.C.**
By: Michael F. Bevacqua, Jr.
Daniel Ginzburg
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102-5429
(973) 623-1000 (tel)
*Attorneys for Defendants,*
*Capital One Bank (USA), N.A. and Capital One Auto*
*Finance, a division of Capital One, N.A.*

Defendant Capital One Bank (USA), N.A. (incorrectly pled as "Capital One") and Capital One Auto Finance, a division of Capital One, N.A. (incorrectly pled as "Capital One Finance") (together, "Capital One") submit this memorandum of law in support of their motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (the "Motion"):

## I.   PRELIMINARY STATEMENT

The Second Amended Complaint (the "Complaint") alleges that Capital One willfully violated the Fair Credit Reporting Act ("FCRA") by obtaining plaintiff Pierre Augustin's ("Plaintiff") credit report without a permissible purpose in violation of 15 U.S.C. § 1681b.  However, Plaintiff fails to provide any facts to support his contention that Capital One willfully violated the FCRA.  Rather, the specific nature of Plaintiff's allegation is evident only from his assertion that Capital One violated 15 U.S.C. § 1681n, which bars willful violations of the FCRA.  As a result of Plaintiff's failure to allege any facts from which a finder of fact can discern that Capital One intentionally violated the FCRA, the Court should dismiss the Complaint with prejudice.

## II.   STATEMENT OF FACTS

Because this is a Motion to Dismiss, the recitation of the following material facts alleged in the Complaint is accepted as true only for purposes of this Motion:

1. Plaintiff is a resident of Queens County, New York.  (Complaint ¶ 3).

2. At an unspecified time, Plaintiff obtained his credit report from the three major credit reporting agencies and found "entries" by entities with which he was purportedly unfamiliar.  (Complaint ¶ 7).

3. Plaintiff determined that his credit report was obtained by various entities without his consent.  (Am. Complaint ¶ 8).

4. Plaintiff alleges that one or the other Capital One entity pulled his credit report on May 3, 2012 and Feb. 7, 2014. (Complaint ¶¶ 9, 21).

5. However, Plaintiff allegedly did not discover that Capital One pulled his credit report until February 2014 and March 2014. (Complaint ¶ 10).

6. Plaintiff claims he has never had any business dealings or an account with Capital One, and has not applied for credit with Capital One, supplied an application for employment to Capital One or received an offer of credit from Capital One, and did not otherwise consent to Capital One pulling his credit report. (Complaint ¶¶ 17-18, 21).

7. Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

### III. LEGAL ARGUMENT

#### A. Standard of Review

The standard for determining a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). To survive a Rule 12(b)(6) motion, a complaint must contain all factual allegations, either direct or inferential, with respect to "all the material elements necessary to sustain a recovery under some viable legal theory." *Kessenich v. Raynor*, 120 F. Supp. 2d 242, 255 (E.D.N.Y. 2000).

In determining whether a complaint states a plausible claim for relief, the Court must accept all well-pleaded factual allegations as true, but it need not accept those allegations that are merely "bare assertions," "legal conclusions," or "formulaic recitation[s] of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Instead, the complaint must contain factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, under Federal Rule of Civil Procedure 8, a plaintiff is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Giaccio v. City of New York*, 04-cv-3652 (RWS), 2005 WL 95733, at *5 (S.D.N.Y. Jan. 19, 2005) (quoting Fed. R. Civ. P. 8(a)(2)). Notwithstanding the lenient requirements of Rule 8(a)(2), however, conclusory allegations are insufficient to withstand a motion to dismiss. *Id.* (citing *Straker v. Metro. Transit Auth.,* 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004)). In addition, while *pro se* plaintiffs are entitled to a liberal reading of the pleadings, "*a pro se* plaintiff's complaint [that] fails to meet these minimal standards, . . . must be dismissed like any other deficient pleadings." *Alverez v. Doe,* 03-cv-7740, 2004 WL 1874972, at *2 (S.D.N.Y. Aug. 13, 2004) (citing *Rodriguez v. Weprin,* 116 F.3d 62, 65 (2d Cir. 1997)); *see also Gebhardt v. Allspect, Inc.,* 96 F. Supp. 2d 331, 333 (S.D.N.Y 2000) ("*Pro Se* plaintiffs are not . . . completely relieved of pleading requirements. In order to avoid dismissal, a plaintiff must do more than plead 'conclusory allegations or legal conclusions masquerading as factual conclusions'"). Dismissal is appropriate when "there are no legal grounds upon which relief may be granted." *Virgilio v. City of New York*, 407 F.3d 105, 111 (2d Cir. 2005).

Here, Plaintiff's Complaint should be dismissed because it fails to set forth any facts in support of the causes of action alleged therein.

   **B. The Court Should Dismiss The Complaint Because Plaintiff Has Not Alleged Any Facts That Support His Claim That Capital One Willfully Violated The Fair Credit Reporting Act**

Broadly summarized, the Complaint alleges two facts: (i) that Capital One pulled Plaintiff's credit report, and (ii) that Capital One had no permissible purpose pursuant to 15 U.S.C. § 1681b for pulling Plaintiff's credit report. Nowhere within the Complaint, however, is there any factual support for Plaintiff's assertion that Capital One "willfully" violated the FCRA in contravention of 15 U.S.C. § 1681n. Therefore, the Court should dismiss the Complaint.

To plead adequately a violation of 15 U.S.C. § 1681b, a plaintiff must allege that a defendant obtained his consumer credit report without a permissible statutory purpose and with the requisite mental state. *See Perl v. Am. Express*, Nos. 12-cv-4380, 12-cv-4796, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012) (citations omitted). With respect to the allegations concerning a defendant's mental state, it is insufficient for a plaintiff merely to claim that plaintiff acted "intentionally," "willfully," "recklessly," "negligently," etc. *Id.* ("While [plaintiff] asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner in both of the complaints . . . . [Plaintiff] has failed to allege any facts related to Defendants' state of mind when they allegedly obtained his credit reports."); *Huertas v. U.S. Dep't of Educ.*, No. 08-cv-3959, 2009 WL 3165442, at *9 (D.N.J. Sept. 28, 2009) (holding that to allege a willful violation of the FCRA a "complaint must allege facts sufficient to demonstrate that the defendant should have known" that it had no permissible purpose to obtain plaintiff's credit report).

Here, Plaintiff alleges a willful violation of the FCRA pursuant to 15 U.S.C. § 1681n. (*See* Complaint, Wherefore Clause following ¶ 22). However, beyond alleging in the title of Count I that Capital One acted willfully, Plaintiff provides no facts in support of this assertion. Thus, Plaintiff's claim is, at best, nothing more than a conclusory assertion that is insufficient to withstand a motion pursuant to Rule 12(c). *See Braun v. U. Recovery Sys., LP*, --- F. Supp. 2d ---, 12-cv-4687, 2014 WL 1613000, at *11 (S.D.N.Y. March 28, 2014) (holding that allegations of "willful" acts devoid of any factual support "amount to nothing more than a formulaic recitation of the elements of a cause of action"); *Farkash v. RJM Acquisitions Funding, Inc.*, No. 12-cv-735, 2012 WL 1948643, at *3 (dismissing claim because plaintiff alleged no facts supporting his claim that defendant knew that it had no permissible purpose to obtain plaintiff's credit report, and the allegations show that defendant's "conduct could just as likely have been

unintentional"). Moreover, Plaintiff's claim that he does not know what permissible purpose Capital One had to access his credit report is insufficient to state a claim. *See id.* at *3 (finding that plaintiff's claim that he did not know what permissible purpose defendants might have had "does not include enough factual content to allow this Court to draw the reasonable inference that the alleged violation was willful"). Here, Plaintiff fails to plead any facts in support of his conclusory assertion of willfulness. Therefore, the Court should dismiss the Complaint with prejudice.

> C. **This Action Is Distinguishable From FCRA Cases In Which A Defendant Was Put On Notice Prior To Suit That Its "Pull" Of Credit Reports Was Impermissible And Should Cease**

Some courts have permitted FCRA claims based solely on conclusory allegations of willfulness to proceed, but they are readily distinguishable from this case. For example, in *Perl v. Am. Express*, No. 11 Civ. 7374, 2012 WL 178333 (S.D.N.Y. Jan. 19, 2012), the court denied a motion to dismiss for violation 15 U.S.C. § 1681b because it found that the pleading "alleg[ed] that the relevant defendant repeatedly informed the relevant plaintiff that it could not find any record of an account belonging to him or her." *Id.* at *3. Thus, the court reasoned, if a defendant is aware that it cannot find an account belonging to a plaintiff, that defendant must also be aware that continuing to "pull" that plaintiff's credit report constitutes an "impermissible purpose" under the FCRA. *Id.* Here, however, Plaintiff does not allege that he ever communicated with either of the Capital One entities. Thus, this case is distinguishable from *Perl*.

Likewise, in *Smith v. Safeco Ins.*, No. 13 C 2788, 2013 WL 5609323 (N.D. Ill. Oct. 11, 2013), the court held that it may not have dismissed plaintiff's claim if he had alleged, for example, that the defendant pulled his credit report after he specifically informed it that he was not interested in purchasing its insurance products. *Id.* at *3. Here again, however, Plaintiff

does not allege that he ever communicated with anyone at Capital One concerning either his credit report or his purchase of Capital One's offerings. Therefore, *Smith*, too, is inapposite.

Further, in *Augustin v. Equable Ascent Fin.*, No. 12-cv-6069-CBA-VMS (D.E. No. 16) (E.D.N.Y. Jan. 30, 2014), this Court found that Plaintiff had properly alleged a willful violation of 15 U.S.C. § 1681b because defendant pulled his credit report three times over a seven-month period, and because it offered to delete the credit pulls from his credit report. *Id.* at 12-14. That is not the case here. In this action, Plaintiff alleges only that one Capital One Bank (USA), N.A. pulled his credit report *once* on May 3, 2012 and Capital One Auto Finance pulled it *once* on February 27, 2014. (Complaint ¶ 21). Thus, unlike in *Equable*, the two separate defendants here allegedly each pulled Plaintiff's report just once in a two-year period. Moreover, Plaintiff does not allege that either Capital One entity offered to delete its pull from Plaintiff's credit report. Thus, this case is distinguishable from *Equable* in that here there are no indicia of willful conduct. As a result, the Court should dismiss the Complaint.

### D. Plaintiff's Complaint Is Deficient Even If Charitably Viewed As One Pleading A Cause Of Action For Negligent Violation Of The FCRA

Finally, even if, *arguendo*, the Complaint could somehow be construed broadly to allege a negligent violation of the FCRA pursuant to 15 U.S.C. § 1681o, the Court should still grant the Motion because § 1681o provides relief only if the plaintiff can show the existence of actual damages. *Agu v. Rhea*, 09-cv-4732 (JS), 2010 WL 5186839 at *6-*7 (E.D.N.Y. Dec 15, 2010); *Chavez v. Premier Bankcard, LLC*, 11-cv-1101, 2011 WL 5417107, at *4 (E.D. Cal. Nov. 8, 2011) ("Finally, although FCRA does allow a plaintiff to sue for negligent violations of the statute, it provides relief only if the plaintiff can show actual damages."). Here, Plaintiff does not claim the existence of actual damages, much less provide any facts from which the Court can reasonably infer that he has suffered actual damages. Therefore, even if charitably viewed as

pleading a cause of action for negligent violation of the FCRA, the Complaint should nevertheless be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Capital One requests an Order dismissing with prejudice all claims against it.

Respectfully submitted,

s/ *Daniel Ginzburg*
**PODVEY, MEANOR, CATENACCI, HILDNER, COCOZIELLO & CHATTMAN, P.C.**
 By: Michael F. Bevacqua, Jr.
  Daniel Ginzburg
 One Riverfront Plaza, Suite 800
 Newark, New Jersey 07102-5429
 (973) 623-1000 (tel)
 *Attorneys for Defendants,*
 *Capital One Bank (USA), N.A. and Capital One*
 *Auto Finance, a division of Capital One, N.A.*