UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PIERRE AUGUSTIN,

        Plaintiff,

-against-

CAPITAL ONE and CAPITAL ONE
FINANCE,

        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-179 (CBA) (VMS)

**AMON, Chief United States District Judge:**

Plaintiff Pierre Augustin, proceeding pro se, filed this action alleging that defendants Capital One and Capital One Finance (collectively, "Capital One") willfully violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by accessing his consumer credit report without a permissible purpose and without his consent on May 3, 2012, and February 27, 2014.[1] (D.E. # 23, Second Am. Compl.) After Augustin moved for entry of default against Capital One on May 28, 2014, (D.E. # 12), Capital One appeared and moved for judgment on the pleadings, arguing that Augustin's complaint fails to allege facts sufficient to support a claim that Capital One willfully violated the FCRA, (D.E. # 26, Defs.' Mem.). On October 6, 2014, this Court referred Capital One's motion to the Honorable Vera M. Scanlon, United States Magistrate Judge, for a Report and Recommendation ("R&R").

On July 27, 2015, Magistrate Judge Scanlon issued the R&R, which makes several recommendations. (D.E. # 28, R&R.) First, the R&R recommends that the Court treat Capital One's motion for judgment on the pleadings as a motion to dismiss. (Id. at 4.) Second, the R&R finds that to the extent Augustin's complaint "might be understood to raise a claim for invasion

---

[1] Augustin filed his initial complaint on January 8, 2014. (D.E. # 1, Compl.) Augustin filed his amended complaint on April 7, 2014. (D.E. # 7, Am. Compl.) After Capital One appeared, Augustin filed his second amended complaint on August 6, 2014. (D.E. # 23, Second Am. Compl.)

1

of privacy," this claim should be dismissed because New York "does not recognize the common-law tort of invasion of privacy" unless the claim is "for the use of a person's name or likeness for advertising purposes." (Id. at 16.) Neither party objects to these conclusions and, finding no clear error, the Court adopts the R&R's recommendations on these issues. Third, the R&R recommends that the Court grant Capital One's motion to dismiss because Augustin "failed to provide factual allegations that would render it facially plausible that [Capital One's] conduct was the product of willfulness or reckless disregard, rather than the product of mistake." (Id. at 13.) Finding "no indication that [Augustin] could state a valid claim for a willful violation" of the FCRA, the R&R recommends that the complaint be dismissed with prejudice. (Id. at 17.)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "However, to the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the Report and Recommendation only for clear error." Soley v. Wasserman, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). Although the Court is mindful that "[t]he objections of parties appearing pro se are generally accorded leniency," Williams v. Woodhull Med. & Mental Health Ctr., 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2012) (internal quotation marks and citation omitted), "even a pro se party's objections to a Report and

Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal," Brown v. Smith, No. 09-CV-4522, 2012 WL 511581, at *2 (E.D.N.Y. Feb. 15, 2012) (internal quotation marks and citation omitted).

Augustin timely objected to the R&R, arguing that Capital One's failure to provide a permissible purpose for pulling his credit report provides evidence that its conduct was willful and that he does not need to provide Capital One any personal information. (D.E. # 30, Pl.'s Obj. at 1-2). As Capital One notes in its response to Augustin's objections, these objections were already raised before the magistrate judge. (D.E. # 32, Defs.' Resp. at 2.) The Court therefore reviews the remainder of the R&R for clear error. See Soley, 823 F. Supp. 2d at 228.

The Court finds no clear error in the R&R's conclusion that Augustin fails to state a claim for willful violation of the FCRA. The Court therefore grants Capital One's motion to dismiss Augustin's complaint. However, in light of Augustin's pro se status and the additional evidence presented in Augustin's objection, the Court grants Augustin leave to amend his complaint. "Generally, leave to amend should be 'freely given,' and a pro se litigant in particular 'should be afforded every reasonable opportunity to demonstrate he has a valid claim.'" Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (citing Fed. R. Civ. P. 15(a) and Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)). Although, as the R&R explains, Augustin "has already been afforded two opportunities to amend his pleadings," (R&R at 17), the letters attached to Augustin's opposition and objection suggest that granting leave to amend would not be futile.[2] A number of these letters are dated before February 27, 2014, indicating

---

[2] Augustin attached two sets of letters to his opposition, including two letters from Augustin, (Pl.'s Opp'n Ex. A (undated letter and letter dated May 31, 2014)), and two response letters from Capital One, (Pl.'s Opp'n Ex. B (letters dated February 19, 2014, and June 23, 2014)). Neither party objects to the R&R's consideration of the letters appended to Augustin's opposition, (R&R at 13-14), and consideration of these letters is proper because a "district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion." Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (citing Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987)). Augustin attached additional letters from Capital One to his objection. (Pl.'s Obj. at 3, 5-6

3

that Augustin could potentially reframe his complaint to raise a claim that Capital One was on notice that it had no permissible purpose to pull Augustin's credit report before the second alleged pull. Such notice may be sufficient to support a reasonable inference that Capital One willfully violated the FCRA. See Perl v. Am. Express, No. 11-CV-7374, 2012 WL 178333, at *3 (S.D.N.Y. Jan. 19, 2012) (holding that a plaintiff alleged sufficient facts to "permit a reasonable inference that the defendant committed a knowing or reckless violation of the FCRA" where the defendant "repeatedly informed the relevant plaintiff that it could not find any record of an account belonging to him"); Smith v. Safeco Ins., No. 13-CV-2788, 2013 WL 5609323, at *2 (N.D. Ill. Oct. 11, 2013) (indicating that a claim for willful violation could be raised if a company pulled an individual's credit report after the individual notified the company that he did not wish to obtain insurance from them). Given this possibility, the Court grants Augustin leave to amend his complaint.

## CONCLUSION

Accordingly, the Court adopts Magistrate Judge Scanlon's recommendation to grant Capital One's motion to dismiss and grants Augustin leave to amend his complaint to incorporate the additional evidence presented in his opposition and objection. The amended complaint must be filed within thirty days of the date of this Order.

SO ORDERED.

Dated: Brooklyn, New York
September 23, 2015

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

---

(letters dated January 30, 2014; February 25, 2014; and February 26, 2014).) Although the additional letters in Augustin's objection were not presented to Magistrate Judge Scanlon, "[t]he Court has discretion . . . to consider evidence not submitted to the magistrate judge." Hous. Works, Inc. v. Turner, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005) (citing Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998)); see also 28 U.S.C. § 636(b)(1).

4